UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSIRIS SANABRIA GARCIA,

      Plaintiff,

v.                                    Case No. 2:20-cv-00563-JLB-MRM

EXPERIAN INFORMATION SOLUTIONS,
INC. and FIRST PREMIER BANK,

      Defendants.

_____

## ORDER

    This cause comes before the Court upon a <u>sua</u> <u>sponte</u> review of the file.  On September 10, 2020, Plaintiff Osiris Sanabria Garcia and Defendant First Premier Bank filed what they have titled a "Joint Stipulation To Stay Proceedings As To Plaintiff Garcia and First Premier Bank, And To Compel Arbitration With The American Arbitration Association."  (Doc. 11.)  Plaintiff Garcia and Defendant First Premier Bank effectively both agree that they are contractually obligated to arbitrate their dispute and that these proceedings should be stayed while they pursue arbitration, at least with respect to Defendant First Premier Bank.[1]

    Although the parties to a lawsuit may agree that a stay of court proceedings is appropriate, the parties nonetheless must request that the Court take action to enter that stay.  And the proper method for seeking court action of any kind is to file

_____

[1] The stipulating parties do not explain the effect of the proposed stay on the other defendant, Experian Information Solutions, Inc., who apparently has been served (Doc. 10) but has not yet appeared in the case.

a <u>motion</u> <u>with</u> <u>the</u> <u>Court</u> seeking the relief sought.  The stipulating parties have failed to do so.

Applicable here, the Federal Arbitration Act requires the Court to stay a lawsuit pending arbitration only where the Court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration."  9 U.S.C. § 3.  The Court has not been provided any documentation to discern whether the parties' dispute is indeed referable to arbitration.  To be clear, the Court, as always, appreciates the parties working together throughout litigation.  And it is clear to the Court that the parties have laudably done so here.  However, without the Court's examination of the arbitration agreement, which purportedly controls Plaintiff's claims against Defendant First Premier Bank, and a legal memorandum as required by Local Rule 3.01(a), the Court cannot conduct the proper statutory annalysis for it to stay these proceedings.  The stipulating parties here have filed neither, and the Court thus cannot stay the case pursuant to arbitration for that reason.

Accordingly, it is **ORDERED** that the "Joint Stipulation To Stay Proceedings As To Plaintiff and First Premier Bank, And To Compel Arbitration With The American Arbitration Association" (Doc. 11) is **STRICKEN**.  The stipulating parties may renew their request through the filing of a properly supported agreed-upon motion with supporting attachments, and corresponding memorandum of law.  It would also assist the Court if the motion explains the impact of the proposed stay as to the non-appearing defendant, Experian Information Solutions, Inc., and if, in

light of the stay, the Court must take action as to Defendant Experian Information

Solutions, Inc.'s non-appearance in the case.  See supra n.1.  Alternatively, Plaintiff

(or the appearing parties together) may dismiss this lawsuit and pursue arbitration

without the need for a court order.  See Fed. R. Civ. P. 41(a)(1)(A).

     **ORDERED** in Fort Myers, Florida, on September 18, 2020.

**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**